IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| UNITED STATES OF AMERICA, | CR 12–11–BU–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| BRETT CHARLES BAILEY, | |
| Defendant. | |

Before the Court is Defendant Brett Charles Bailey's ("Bailey") motion for early termination of probation. Bailey was convicted in this Court on one count of Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1), and was sentenced to five years probation on January 11, 2013. (Doc. 31.) In support of the motion, Bailey states that by April 2017, he "will have completed 85% of [his] sentence." (Doc. 35.) Further, Bailey notes that he has never missed a required substance abuse test or tested positive for a controlled substance. Lastly, Bailey has provided a letter from his therapist, Regina Titak Kane, MS, LCPC. Ms. Kane's letter provides an overview of Bailey's therapeutic progress and states that she can offer "no clinical reason to object to his early release from parole." (Doc. 35-1.)

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if

it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, a court shall consider the factors set forth in 18 U.S.C. § 3553(a), including: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense." *United States v. Smith*, 219 Fed. Appx. 666, 667 n. 3 (9th Cir. 2007) (unpublished).

Here, the Court finds that Bailey's conduct during his probationary sentence and the interests of justice counsel against granting the motion. Primarily, the Court finds that it will deny the motion because Bailey has failed to comply with his conditions of probation. At the time of his sentencing, numerous conditions of supervision were placed upon Bailey, including a condition that he "shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the

probation officer." (Doc. 30 at 2.) Despite the imposition of this restriction, the record reveals that Bailey has violated this condition at least two times. (Docs. 33, 34.) Further, Bailey has failed to comply with other conditions of his probation, including a condition prohibiting alcohol consumption and the requirement that he "shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." (Doc. 34.) Thus, because of this non-compliance, the Court finds that Bailey is not a good candidate for termination of probation and declines to grant his motion.

Accordingly, IT IS ORDERED that Bailey's motion for early termination of probation (Doc. 35) is DENIED.

DATED this 3rd day of April, 2017.

Dana L. Christensen, Chief Judge
United States District Court